THOMAS LOY, Plaintiff in Error, *v.* THE STEAMBOAT F. X. AUBURY, Defendant in Error.

### ERROR TO LASALLE.

An action of trespass will lie against a steamboat for an assault and battery committed by the mate or other officer of the boat, on the person of a passenger, whilst such boat is being navigated on the rivers within or bordering upon this State.

THE facts of this case are stated in the opinion of the Court. The cause was tried before HOLLISTER, Judge, at June term, 1860, of the LaSalle Circuit Court.

E. F. BULL, for Plaintiff in Error.

The law under which these proceedings are had, provides, among other things, " that steamboats and other water craft

navigating the rivers within and bordering upon this State, shall· be liable for any damage or injury done by the captain or mate, or other officer thereof, or by any person under the order or sanction of either of them, to any person who may be a passenger or hand on such steamboat or other water craft at the time of the infliction of such damage or injury; provided, that nothing herein contained shall be construed to make the craft or owners thereof liable for the trespasses done by any of the crew not under·the direction of the officers in command thereof;" and it was the intention of that law to give to persons who were passengers or hands on board of said craft, and were damaged or injured by any of said officers, the same remedies against the steamboat or other craft that such persons would have had or might have against the officers named for committing the injury. Such is the practice in Ohio, where a statute has been in existence for years, of which ours is almost a literal copy. Scates' Stat., p. 789 ; Swan's Practice and Precedents, vol. 2, pp. 1215 and 1216 ; Statutes of Ohio, Rev. 1841, p. 209.

An action of trespass under our statute can be maintained against a steamboat or other water craft for an assault and battery committed by the captain or mate, or other officer thereof, upon the person of a passenger on board of such boat. Swan's Practice and Precedents, vol. 2, p. 1208 ; *Steamboat Champion* v. *Jantzen*, 16 Ohio, 91 ; *Canalboat Huron* v. *Simmons*, 11 id. 458 ; *St. Louis, A. & C. R. R.* v. *Dalby*, 19 Ill. 365 ; *Steamboat Clipper* v. *Logan*, 18 Ohio, 375.

B. C. Cook, for Defendant in Error.

Breese, J. This was an action of trespass, brought by plaintiff in error in the LaSalle Circuit Court, against the steamboat F. X. Aubury, for an assault and battery, committed by the mate of the boat, upon the plaintiff, whilst he was a passenger upon the boat, whereby the plaintiff's thigh was broken. It is averred in the declaration, that the F. X. Aubury was a steamboat navigating the navigable rivers in and bordering upon this State. The general issue was pleaded; a trial

by jury, and damages assessed for plaintiff at two thousand dollars.

The court refused to render judgment on the verdict, but arrested the same, and this is assigned for error.

The grounds upon which the court arrested the judgment do not appear in the record.

The action was brought under the act of February 16, 1857, the title of which is, "An Act to amend chapter 102, Revised Statutes, entitled 'Steamboats.'" The first section is as follows:

"That steamboats and other water craft navigating the rivers within and bordering upon this State, shall be liable for debts contracted on account thereof by the master, owner, steward, consignee, or agent, for materials, supplies, or labor in building, repairing, furnishing or equipping the same, or due for wharfage, and also for damage arising out of any contract for the transportation of goods or persons, or for injuries done to persons or property by such craft, or for any damage or injury done by the captain or mate or other officer thereof, or by any person under the order or sanction of either of them, to any person who may be a passenger or hand on such steamboat or other water craft at the time of the infliction of such damage or injury: *Provided*, that nothing herein contained shall be construed to make the craft or owners thereof liable for the trespass done by any of the crew not under the direction of the officers in command thereof." (Scates' Comp. 789.)

The record presents the question, Can an action of trespass be maintained against a steamboat for an assault and battery committed by the mate of the boat, on the person of a passenger on board, whilst such boat is navigating the rivers within or bordering upon this State?

It is a case of the first impression, and its decision must depend upon the construction proper to be placed upon the statute cited.

In arriving at this, we must consider what were the mischiefs sought to be remedied by this enactment. It was well known that steamboats plying upon the rivers in this State or on its

borders, a great majority of them at least, were the property of persons not residing in this State, and whose actual and permanent residence, if they had any, not easy to be ascertained, and their names not unfrequently unknown, and difficult, if not impracticable, to make them amenable to the process of our courts. It often happened, too, that the owner was not pecuniarily responsible; and it was notorious, and is yet, that they employed, in responsible positions on their boats, unreliable persons, men of low, rough and brutal character, who, when clothed with "a little brief authority," would be domineering, tyrannical and cruel towards those temporarily in their power, and withal, wholly irresponsible in every respect, and against whom, should an action be brought for an injury, no matter how flagrant, no redress whatever could be had. These were among the mischiefs which the legislature designed to remedy, and the mode by which it was to be accomplished was, by substituting the boat itself in the place of the owners or officers controlling it, and making it liable directly, not only for its contracts, but for its torts; and sell her out, to satisfy the judgment.

Admitting this, the question is made, what shall be the kind of action for an injury done to a passenger by the captain, mate, or other officer? The statute provides no form, and the defendant insists, as it is in derogation of common law, and no personal service required, it should be strictly construed. That the common law would only allow an action on the case, as the injury to the plaintiff is, so far as the boat and its owners are concerned, consequential only, resulting wholly from their wrongful act in employing a man unfitted for his station.

The answer to the question here made is obvious, if the view we have taken of the purposes of the act be correct. The boat is treated as a person, and whatever action would lie against a person, for an injury, will lie against the boat, the kind of action to be determined by the nature of the injury, and the damages recoverable will be such as are legally recoverable in the action brought, to be determined by the evidence. If punitive damages may be recovered in an action

of trespass against a person, we see no reason why they may not be against a boat treated as a person, as an admonition to its owners to put none in authority upon it but responsible persons—men who will exercise proper care, and have due respect for the rights of those committed to their charge.

The facts appearing in the record show an outrageous case of assault and battery by the mate, and we know of no action but trespass that will fit such a case. The legislature evidently intended to give such action as would fit each case of injury as it should arise. If the injury was by force—direct, wanton, willful and malicious—trespass would be the remedy. If the injury was not the direct and necessary consequence of the force, or was the result of carelessness or negligence, then case would be the remedy.

We know of no other State, having a statute like this, but the State of Ohio. The section we have quoted, is almost an exact copy of the first section of the law of Ohio, the word " waters " being found in that, while " rivers " is the term used in ours. With that difference, they are substantially the same.

The law of Ohio has undergone judicial consideration quite often. We have looked into the cases referred to, decided by the Supreme Court of that State; one of them, the case of the *Steamboat Champion* v. *Jantzen,* 16 Ohio, 91, seems to be directly on the point we have been discussing. The action was for assault and battery brought by Jantzen against the steamboat Champion under the statute. Trial by jury and a verdict for plaintiff. The facts proved were, that the boat was engaged in the New Orleans trade, and while on one of the voyages, the mate committed an assault and battery on the plaintiff at Hawesville, in the State of Kentucky, while the boat was coaling ; and at another time, while the boat was in the Mississippi river, at the city of Vicksburg, in the State of Mississippi, a second assault was committed while the plaintiff was doing his duty as fireman, all of which occurred without the jurisdiction of the State of Ohio.

The evidence being closed, the counsel for the steamboat moved the court to instruct the jury, that an injury inflicted

by the mate of a steamboat upon a hand of the boat, cannot be given in evidence against the boat in an action under the statute, where the injury occurred without the jurisdiction and far from the limits of the State of Ohio. This instruction the court refused to give. Other instructions were asked having a similar bearing, which were refused. Refusing to give this instruction was assigned for error. It was not suggested by counsel or court, that if the assault had been committed within the jurisdiction of the court, the action would not lie. That seems to have been conceded.

The Supreme Court say: "The decision of this case depends entirely upon the construction which shall be given to the act under which the original suit was brought. Without that act, no one would ever have thought of commencing an action of trespass for an assault and battery in a common law court, against any water craft by name. But by the act referred to, this mode of proceeding seems to be authorized in some, if not in all cases. As we understand the statute, the intention of the General Assembly was to render boats liable for the torts of its officers committed while such boats were upon our own waters, or upon waters bordering upon the State; in the case before the court, the trespasses complained of were committed entirely beyond the territory of this State, and not while the boat was navigating the waters bordering upon, or within the State."

The implication here is very clear, that if the boat had been navigating the waters bordering upon or within the State of Ohio, when the injury was committed, the action of trespass would lie.

In the case of the *Canalboat Huron* v. *Simmons*, 11 Ohio, 458, the court say: "Our statute treats the boat as a person, and makes it responsible in its own name for all debts contracted for its use, and for all injuries committed against persons or property on board by her officers or crew. The statute is equitable in its object, making it the interest of owners to intrust their boats only to responsible officers and crews, and will receive a liberal construction to carry the design of its enactment into effect."

It is very clear, we think, that our statute was designed to place the boat itself in the place of the officers who shall commit the injury, and giving to the party injured, his election, to proceed against the offender, as at common law, or against the boat, without intending, in either case, to change the form of action. Trespass would lie against the officer, and as the boat is substituted for him, it must lie against the boat. We have decided, on common law principles, that an action of trespass would lie against a railroad corporation, for a tort committed by one of its employees, to a passenger on its train. *St. L., A. & Ch. R. R. Co.* v. *Dalby*, 19 Ill. 363. Fortified by this statute, the case of the plaintiff is beyond controversy.

The judgment of the court below is reversed, and the cause remanded, with directions to enter a judgment in favor of the plaintiff, upon the verdict of the jury.

*Judgment reversed.*